**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Onelio JASSO, Defendant–Appellant.**

**No. 05–50911.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 20, 2006.

Filed Nov. 21, 2006.

Nancy J. Gudel, Esq., U.S. Department of Justice, Criminal Division, Fraud Section, San Diego, CA, for Plaintiff–Appellee.

James Fife, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: FISHER, CALLAHAN, Circuit Judges, and COLLINS, District Judge.*

MEMORANDUM **

Onelio Jasso appeals his sentence of 51 months' imprisonment for importing marijuana in violation of 21 U.S.C. §§ 952 and 960. We review the district court's sentence for "unreasonableness" in light of the sentencing factors set forth in 18 U.S.C. § 3553(a). *United States v. Cantrell,* 433 F.3d 1269, 1278–79 (9th Cir.2006). We affirm Jasso's sentence.

Jasso raised two issues in his opening brief and attempts to raise a third issue in his reply brief and supplemental citations. First, he argues that the district court's upward adjustment of two levels based on the under-representation of his criminal history category is an improper application of the Sentencing Guidelines. Second, he contends that the district court's reliance on the presentence report ("PSR") is contrary to the Supreme Court's holding in *Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). Finally, in his reply brief and supplemental citations he argues that the district court did not give reasonable notice that it was contemplating an upward adjustment in violation of Federal Rule of Criminal Procedure 32(h).

■ A review of the record discloses that Jasso's 51–month sentence was reasonable. Jasso admitted to driving a van into the United States that contained over 100 pounds of marijuana. His PSR listed 22 adult criminal convictions consisting of 20 misdemeanors and two felonies, including two unscored convictions for unlawfully entering a residential dwelling and for assaulting his ex-girlfriend. As Jasso's previous convictions and sentences had not deterred his repeated and serious unlawful conduct, the district court reasonably concluded that there was a need for greater deterrence to protect the public from further crimes.

■ Jasso's reliance on *Shepard* as precluding the district court from relying on the PSR's account of his criminal record is not well taken. *Shepard* was concerned with what documents could be considered for the purpose of increasing the maximum sentence provided by statute. *Shepard,* 544 U.S. at 16, 125 S.Ct. 1254. By contrast, the PSR's account of Jasso's criminal record was not relied on for the purpose of increasing the maximum sentence provided by statute. Accordingly, as Jasso, with only two minor exceptions, did not challenge the PSR's account of his criminal record, we adhere to our position that generally PSRs are sufficiently reliable to establish the nature of an underlying conviction for purposes of sentence enhancement. *United States v. Romero–Rendon,* 220 F.3d 1159, 1161–62 (9th Cir.2000).

■ Even if Jasso's failure to raise his Rule 32(h) argument until his reply is not construed as constituting a waiver of the issue, *see Koerner v. Grigas,* 328 F.3d 1039, 1048 (9th Cir.2003), his claim of lack of notice as required by Rule 32(h) is not persuasive. When the district court accepted Jasso's plea, the district court emphasized that it would not be bound by a plea agreement, the PSR noted that there were aggravating factors, but no mitigating factors, and defense counsel was prepared at the sentencing hearing to argue against an upward adjustment and did so

---

* Honorable Raner C. Collins, United States District Court Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

argue. Thus, unlike the situation in *United States v. Evans–Martinez*, 448 F.3d 1163, 1167 (9th Cir.2006), on which he relies, Jasso was not denied a meaningful opportunity to address the court's concerns.

Accordingly, the district court's sentence is **AFFIRMED**.

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.